IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| MARY JO SWANSON, | ) | Case No.: 2:11-cv-2880-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| PROFESSIONAL SERVICE INDUSTRIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action has been filed by the Plaintiff, a former employee of the Defendant, asserting claims pursuant to, inter alia, Title VII of the Civil Act of 1964, 42 U.S.C. § 2000e, et. seq.[1] The Defendant filed a motion to dismiss and/or to compel arbitration on November 14, 2011. Plaintiff filed a memorandum in opposition to Defendant's motion on November 29, 2011, following which the Defendant filed a reply memorandum on December 8, 2011.

Defendant's motion is now before the Court for disposition.[2]

---

[1] This action was originally filed in State Court, but was removed to Federal Court by the Defendant due to Plaintiff's assertion of federal claims. 28 U.S.C. § § 1331 and 1343.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion which, in part, seeks dismissal of this case. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1

**Background**

Plaintiff was hired by the Defendant as an administrative assistant on or about March 21, 2007. Plaintiff's Affidavit, ¶ 3; Lowe Affidavit, ¶ 3. At the time she was hired, Plaintiff was provided with a New Employee Guide containing the Defendant's personnel policies, procedures and employment related information. Ingram Affidavit. The New Employee Guide Plaintiff received included a copy of the Defendant's Dispute Resolution Plan as well as a copy of the Employee Handbook. Plaintiff's Affidavit, ¶ 8 and attached Exhibit 4; Lowe Affidavit, ¶ 3; see also Litwiller Affidavit; Ingram Affidavit. The Dispute Resolution Plan requires that all employment related disputes shall be subject to arbitration before the American Arbitration Association (AAA). Lowe Affidavit, attached Exhibit B (Sections 3 and 4); Exhibit C; see also Litwiller Affidavit, ¶ 4. Plaintiff signed an acknowledgment that she had received these materials. Lowe Affidavit, attached Exhibit A. This acknowledgment also specifically provided, directly above Plaintiff's signature:

> I acknowledge that I have received, read, and understand the contents of and agree to the terms of the above materials, specifically including but not limited to the Dispute Resolution Plan, and that any questions I have regarding them have been answered.

Id.

Defendant asserts in its motion that Plaintiff's claims, which arise out of her employment, are subject to the arbitration agreement cited hereinabove, and that this Court should therefore dismiss her Complaint and compel her to mediate and/or arbitrate her claims. In opposition to the Defendant's motion, Plaintiff has submitted an affidavit[3] wherein she acknowledges that she

---

[3]The Defendant argues that this affidavit is not competent evidence due to technical defects in the affidavit because it is not sworn. However, the undersigned has not addressed this issue in this opinion because the affidavit, even if credited, does not support Plaintiff's claim to be relieved from arbitration. See also 28 U.S.C. § 1746.



was issued an employee handbook when she began her employment, but states that none of the policies and procedures set forth in the employee handbook were explained to her when it was issued to her, nor did anyone explain to her what the Dispute Resolution Policy was. Plaintiff also states in her affidavit that she was not provided with a copy of the Dispute Resolution Rules or the regular hourly employee handbook, which are attached to Lowe's affidavit as Exhibits C and D. Rather, Plaintiff has attached a copy of an employee handbook to her affidavit as Exhibit 4, which Plaintiff states is the handbook she received. See generally, Plaintiff's Affidavit, with attached exhibits. Plaintiff argues in her response brief that she "did not agree to nor comprehend the intentions of the Defendant to enter into a contract to surrender her right to jury by her peers", thereby rendering the agreement unenforceable. Plaintiff further argues that the employee handbook is contradictory and confusing, thereby also rendering any purported agreement to arbitrate unenforceable.

## Discussion

Although this matter is before the Court on a Rule 12 motion to dismiss, for purposes of deciding a motion to compel arbitration, the Court may properly consider documents outside of the pleadings. Joyner v. GE Healthcare, No. 08-2563, 2009 WL 3063040 at * 2 (D.S.C. Sept. 18, 2009)["[T]he Court may consider materials outside the pleadings to determine whether a valid arbitration agreement exists"]; see also Molina v. Coca-Cola Enterprises, Inc., No. 08-6370, 2009 WL 1606433, at * 1, n. 1 (W.D.N.Y. June 8, 2009)[The court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration]; Brown v. Coca-Cola Enterprises, Inc., N. 08-3231, 2009 WL 1146441, at 1, n. 1 (E.D.N.Y. 2009)["While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary)



to consider such extrinsic evidence when faced with a motion to compel arbitration"], quoting BS Sun Shipping Monrovia v. Citgo Petroleum Corp., No. 06-839, 2006 WL 2265041, at * 3, n. 6 (S.D.N.Y. 2006)(citation omitted).  Further, since the question of arbitrability is jurisdictional, the Court could ordinarily continue to consider the motion under the Rule 12 standard. Joyner, 2009 WL 3063040, at * 2.

However, since, in addition to the Dispute Resolution Plan and employee handbook, the Court also has before it several affidavits, including an "affidavit" from the Plaintiff, together with numerous other attached exhibits submitted by both parties, the undersigned has considered the motion under the Rule 56 standards for a motion for summary judgment. Cf. Molina, 2009 WL 1606433, at * 5; see also Bensadoun v. Gobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).  Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law"; see Rule 56(c), Fed.R.Civ.P.; and "[i]f the moving party has 'substantiated the entitlement [to compel arbitration] by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried'". Molina, 2009 WL 1606433, at * 5, quoting Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995). See also Doctor's Ass'n., Inc. v. Distajo, 944 F.Supp. 1010, 1014 (D.Conn. 1996), aff'd., 107 F.3d 126 (2d Cir. 1997), cert. denied, 522 U.S. 948 (1997)["A party resisting arbitration . . . must show that, if proven, [its] allegations would relieve any obligation to arbitrate, and [it] must produce some evidence to substantiate [its] factual actual allegations"] (internal citations and quotation marks omitted); Burke v. Resurgent Capital Servs., L.P., No. 06-282, 2006 WL 1302448 at * 2 (D.S.C. May 10, 2006)["[T]o challenge the validity of an arbitration agreement, or the underlying contract in which the agreement is contained, a party must submit



sufficient evidence to raise a genuine issue for trial."] [Applying Standard to Motion to Dismiss]. Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendant is entitled to the relief it seeks.

First, the undersigned does not find that there is a question of fact as to whether Plaintiff's claims are covered by the arbitration agreement at issue. The Federal Arbitration Act (FAA) is a congressional declaration of a liberal federal policy favoring arbitration agreements, and any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. Gossett v. HBL, LLC, No. 06-123, 2006 WL 1328757, at * 6 (D.S.C. May 11, 2006). "Congress in the Federal Arbitration Act, declared written agreements to arbitrate valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. Courts have consistently interpreted this mandate broadly, addressing questions of arbitrability with a healthy regard for the federal policy favoring arbitration. The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Gossett, 2006 WL 1328757, at * 6 [internal citations and quotation marks omitted].

Here, the Dispute Resolution Plan specifically provides that it is the "exclusive procedural mechanism for the final resolution of all disputes falling within its terms", including "the terms, conditions or termination of . . . employment", to further include specifically claims of discrimination and emotional distress. Defendant's Exhibit B, at ¶ ¶ 1, 3. This language encompasses all the claims Plaintiff asserts in her lawsuit. The Dispute Resolution Plan further provides that it "shall be the exclusive, final and binding method by which Disputes are resolved."



5

Id., ¶ 10. Finally, the Plan provides that "[e]mployment or continued employment after the Effective Date of this Plan constitutes consent by both the employee and the Company to be bound by the Plan, both during the employment and after termination of employment." Id., ¶ 15. Hence, by its specific terms, the claims set forth in this lawsuit fall under the purview of the arbitration agreement at issue in this case.

With respect to Plaintiff's arguments for why she should not be bound by the terms of this arbitration agreement, when deciding whether an agreement to arbitrate is valid, courts look to general state contract law, in this case the law of South Carolina. Joyner, 2009 WL 3063040, at * 3; Stankiewicz v. Cisco Systems, Inc., No. 08-2754, 2009 WL 3152168, at * 2 (E.D.Pa. Sept. 30, 2009). In South Carolina, the formation of a valid contract requires 1) an offer, 2) acceptance of the offer, and 3) valid consideration. Joyner 2009 WL 3063040, at * 3; Hardaway Concrete Company, Inc. v. Hall Contracting Corporation, et al., 647 S.E.2d 488, 492 (S.C. 2007). Here, while Plaintiff argues that she did not knowingly and voluntarily enter into this agreement because none of the policies and procedures from the employee handbook were explained to her, nor did anyone explain to her the Dispute Resolution Policy, Plaintiff does not dispute that she was provided with a copy of the employee handbook as well as with a copy of the Dispute Resolution Policy at the time of her hiring. Indeed, she has attached copies of these documents to her affidavit as Exhibit 4, and acknowledges in her affidavit that she received these documents. Plaintiff's Affidavit, ¶ 8; see also Defendant's Exhibit 4. Plaintiff also does not dispute the authenticity of Exhibit A attached to Lowe's Affidavit [the New Employee Checklist], wherein Plaintiff acknowledges that she has received, read, understands, and agrees to the terms of the employee manual, including specifically



the Dispute Resolution Plan.[4]

This evidence clearly reflects an offer, acceptance of the offer by the Plaintiff, and valid consideration (employment), and therefore reflects that a valid contract to arbitrate existed between Plaintiff and the Defendant. Joyner, 2009 WL 3063040, at * 3; cf. Tinder v. Pickerton Security, 305 F.3d 728, 735-736 (7th Cir. 2002). Plaintiff cannot defeat the terms of an otherwise valid contract, which she acknowledged at the time that she received, understood and agreed to; Lowe Affidavit, Exhibit A; by simply asserting at a later point in time that she did not receive these documents and/or did not understand what she was signing. Burwell v. South Carolina Nat'l Bank, 340 S.E.2d 786, 789 (S.C. 1986)["[E]very contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it"]; Carter v. Mastec Services Company, Inc., No. 09-2721, 2010 WL 500421, at * 3 (D.S.C. Feb. 5, 2010)["[T]he law does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document"], citing Towles v. United Healthcare

---

[4]With respect to Plaintiff's statement in her affidavit that she did not receive copies of the documents identified as Exhibits C and D to Lowe's Affidavit, Exhibit D is simply a 2009 version of the employee manual Plaintiff received in 2007. See Plaintiff's Exhibit 4; Defendant's Exhibit D; Litwiller Affidavit, ¶ 2. Defendant's Exhibit C is a copy of the Dispute Resolution Rules, which Litwiller attests were part of the Dispute Resolution Plan, which is the same document submitted by Plaintiff as her Exhibit 4. Litwiller Affidavit, ¶ 4. While Plaintiff contends the Rules were not attached to her copy of the Dispute Resolution Plan, Plaintiff's own exhibit of what she said she received contains a cover letter to the Dispute Resolution Plan which notes that "[e]nclosed you will find a brochure outlining the program and answering the most frequently asked questions about the program; a booklet describing the Dispute Resolution Plan *and Rules* [emphasis added]; . . . .", noting that resolution of any disputes would be through the American Arbitration Association and would be a "legally binding resolution of the problems or disputes", and that by accepting a job with the Defendant Plaintiff "agreed to resolve all legal claims against [the Defendant] through this process instead of through the court system." Plaintiff's Exhibit 4 [Court Docket No. 21-5, p. 20]. In any event, even if the Court were to assume for purposes of summary judgment that Plaintiff did not receive a copy of the Rules sheet, as she claims, she does not contest that she received a copy of the Dispute Resolution Plan itself. See Plaintiff's Affidavit, ¶ 8; Plaintiff's Exhibit 4.

7



Corporation, 524 S.E.2d 839, 846 (S.C. Ct. App. 1999). Hence, absent evidence that Plaintiff was willfully misled or misinformed by the Defendant as to the contents of the arbitration agreement, she is deemed to have signed the acknowledgment with full knowledge and assent as to what was contained therein. First Baptist Church v. George A. Creed & Son, Inc., 281 S.E.2d 121, 123 (S.C. 1981)["[I]n the absence of a showing of fraud, mistake, unfair dealing or the like, a party to a contract incorporating an arbitration provision cannot escape the obligation of such a provision by simply declaring: 'but I did not read the whole agreement.'"].

Plaintiff's other argument for defeating arbitration in this case is that the Plan allegedly presented by the Defendant at the time of her employment failed to give adequate notice of the process of arbitration itself, including how costs would be apportioned, how the arbitrator would be appointed, etc., and that the "Dispute Resolution process presented to the Plaintiff [was] one sided and therefore not enforceable due to the fact that it [did] not set forth the proper procedures." Plaintiff's Brief, pp. 9-10. The Defendant does not dispute that an arbitration agreement may be invalid as unconscionable if it contains "one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." Joyner, 2009 WL 3063040, at * 3, quoting Carolina Care Plan, Inc. v United Healthcare Servs., 606 S.E.2d 752, 757 (S.C. 2004); see Defendant's Reply Brief, pp. 6-7. However, Plaintiff has failed to make a showing of unconscionability. Burke, 2006 WL 1302448, at * 3, citing Munoz v. Green Tree Financial Corp., 542 S.E.2d 360, 365 (S.C. 2001). Rather, Plaintiff merely argues that at the time she became employed she did not know what the arbitration provision was, and then states that the Dispute Resolution process presented to her was "one-sided" and therefore not enforceable. However, the process for preceding with arbitration is set forth in some detail in the Dispute



Resolution Rules, which (although Plaintiff now denies she received them) Plaintiff acknowledged she received at the time she was hired.  See Lowe Affidavit, attached Exhibit C.  Plaintiff's own Exhibit 4 also reflects that she was advised that any employment disputes were to be resolved through the American Arbitration Association, and that Plaintiff had been provided with "a booklet describing the Dispute Resolution Plan and Rules; a booklet explaining the Legal Assistance Program feature of the Plan and the actual Plan document."  See Court Docket No. 21-5, p. 20.  Plaintiff's own Exhibit 4 further reflects that she had been asked to review these documents and to ask any questions she might have, with (as previously noted) Plaintiff then having signed an acknowledgment that she had received, read, understood and agreed to the terms of this program.  Lowe Affidavit, Exhibit A.

In any event, there is nothing in these Rules and procedures to show unconscionability, and Plaintiff has set forth no argument whatsoever as to why arbitration of her case under the rules and procedures outlined in the exhibits before the Court would be unfair or unconscionable.  Therefore, this argument is without merit.  Molina, 2009 WL 1606433, at * 6-8; see also Bradford v. Rockwell Semiconductor Sys., 238 F.3d 549, 557-558 (4th Cir. 2001).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed**, without prejudice.  Burke, 2006 WL 1302448, at * 5.  The parties may then pursue arbitration of Plaintiff's claims pursuant to the arbitration agreement executed by the parties.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 4, 2012
Charleston, South Carolina



10

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11

