IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mary Jo Swanson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:11-2880 |
| | ) | |
| vs. | ) | |
| | ) | |
| Professional Service Industries, Inc., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's motion to compel arbitration and stay proceedings. (Dkt. No. 15). Plaintiff, a former employee of Defendant, has asserted various state and federal law claims, including claims arising under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et. seq.* The matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 4, 2012 recommending that the Defendant's motion to compel arbitration be granted. (Dkt. No. 23). Plaintiff filed objections to the R & R and Defendant filed a reply to Plaintiff's objections. (Dkt. Nos. 27, 28). As more fully set forth below, the Court grants Defendant's motion to compel arbitration and stays the proceedings pending the completion of arbitration.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976). The Court is charged with making a *de novo* review of those portions of the R & R to which specific objections have been made. The Court may accept, reject or modify, in whole or in part, the recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Federal Arbitration Act reflects a liberal policy toward arbitration. The Act provides that a written agreement to arbitrate "shall be valid, irrevocable and enforceable" unless there exists grounds for revocation in law or equity. 9 U.S.C. § 2; *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24 (1983). Agreements to arbitrate employment disputes and matters arising under Title VII are enforceable. *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999). There are certainly limits on the enforceability of arbitration agreements, particularly where the dispute resolution process is "utterly lacking in the rudiments of even-handedness" or is so "one-sided that . . . [the] only possible purpose is to undermine the neutrality of the proceeding." *Id.* at 935, 937-938. A district court is authorized to stay any pending litigation before it if the dispute is subject to a binding agreement to arbitrate and to issue an order compelling arbitration. 9 U.S.C. § 3, 4. Any party resisting arbitration bears the burden of showing that the issue is unsuitable for arbitration. *Green Tree Financial Corp-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

**Factual Background**

Plaintiff was initially employed by Defendant on March 21, 2007 as an administrative assistant and acknowledges receiving at the time of the initiation of her employment a number of documents, including the Hourly Employee Handbook (Dkt. No. 21-5 at 4-18), a memorandum on the subject of "PSI Dispute Resolution Plan" (Dkt. No. 21-5 at 20) and a document titled

"Dispute Resolution Plan" (Dkt. No. 21-5 at 22-26).[1] The Hourly Employee Handbook states that the Dispute Resolution Program would be "the exclusive means of resolving workplace disputes relating to legally protected rights" and that "if you accept . . . employment with PSI . . ., you agree to resolve all legal claims against PSI . . . through this process instead of through the court system." (Dkt. No. 21-5 at 7). A memorandum explaining the Dispute Resolution Plan notes that it is administered by the American Arbitration Association "to insure a timely, impartial, and legally binding resolution of the problems or disputes." (Dkt. No. 21-5 at 20).

The Dispute Resolution Plan explains that it covers "any legal or equitable claim", including "the terms, conditions or termination of such employment", and that "the substantive legal rights, remedies and defenses of all Parties are preserved." (Dkt. No. 21-5 at 23, 25). The Plan further states that it "shall apply to a [d]ispute pending before any local, state or federal administrative body" and provides "the exclusive, final and binding method by which [d]isputes are resolved." (Dkt. No. 21-5 at 25).

Plaintiff alleges that she was terminated from employment with Defendant after she reported alleged instances of embezzlement and discrimination on January 13, 2009. (Dkt. No. 1-1 at 8). She subsequently filed suit in the Charleston County Court of Common Pleas on September 14, 2011, asserting a variety of state and federal court claims. Defendant removed the case to federal court and thereafter moved to compel arbitration and to stay the proceedings before

---

[1] The parties dispute whether Plaintiff also received a document titled "Dispute Resolution Rules" (Dkt. No. 15-5 at 2-10) and what version of the Dispute Resolution Plan was actually given to Plaintiff at the time of her initial employment. For purposes of this motion, the Court has only utilized the documents which Plaintiff acknowledges she received at the time of employment and which she submitted as an attachment to her unsworn statement in opposition to the motion to compel arbitration. (*See*, Dkt. No. 21-5, 6).

this Court. (Dkt. Nos. 1, 15). Plaintiff opposed the motion to compel arbitration before the Magistrate Judge and now has filed objections to the R & R, asserting that the arbitration agreement in question is not enforceable. (Dkt. No. 21, 27).

**Discussion**

Plaintiff challenges the arbitration agreement with her former employer on the basis that she was not provided sufficient details of the arbitration procedures at the time of employment to determine if the forum is reliable. (Dkt. No. 27 at 3). A review of the documents Plaintiff submitted to this Court in opposition to the motion to compel arbitration provides considerable detail regarding her arbitration rights, including the fact that any arbitration would be conducted by the American Arbitration Association, all employment related disputes would be subject to arbitration and she would be able to assert all substantive legal rights in the arbitration proceeding. (Dkt. No. 21-5 at 20, 23, 25). Plaintiff was also promised an "impartial" forum for resolving any arbitrable dispute. (Dkt. No. 21-5 at 20).

The Court finds, based upon the documents Plaintiff asserts she was provided at the time of her employment, she received sufficient information to understand the nature and substance of the alternative dispute resolution plan of her employer. The various claims asserted by Plaintiff in her pending litigation clearly fall within the scope of the arbitration agreement, and Plaintiff has not identified any basis to support an argument that Congress intended to exclude such matters from arbitration. *Gilmer v. Interstate /Johnson Lane Corporation*, 500 U.S. 20, 26 (1991).

Instead, Plaintiff raises the possibility that the process may be too costly or that the procedures may not be fair or effective. (Dkt. No. 27 at 2-3). Plaintiff, as the party opposing arbitration here, has the burden of demonstrating that the procedures are unfair or otherwise

-4-

interfere with the enforcement of her legally protected rights. *Green Tree Financial Corp-Alabama v. Randolph*, 531 U.S. at 91. Plaintiff has made no such showing.

Therefore, the Court finds that the parties have a legally enforceable arbitration agreement in which all matters asserted in Plaintiff's complaint are subject to arbitration. Defendant's motion to compel arbitration (Dkt. No. 15) is hereby **GRANTED**, pursuant to 9 U.S.C. § 4, and this civil action is **STAYED** during the pendency of the arbitration proceeding, pursuant to 9 U.S.C. § 3.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

April 4, 2012
Charleston, South Carolina